CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 7 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHAUNCEY LEON COMBS,** | ) | |
| | ) | Civil Action No. 7:05CV00064 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Chauncey Leon Combs has filed this 28 U.S.C. § 2255 motion challenging his 137-month sentence for possession with the intent to distribute cocaine base. Combs contends that his attorney's ineffective assistance adversely affected his sentence. According to Combs, his attorney failed to provide him with a copy of his pre-sentence report, failed to challenge the government's calculation of his criminal history score, and failed to file an appeal on his behalf. This matter is before the court on respondent's motion to dismiss. The court finds that Combs knowingly and voluntarily waived his right to collaterally attack his conviction and sentence as part of his plea agreement and accordingly dismisses his claims.

I.

A grand jury indicted Combs on one count of possession with intent to distribute more than five grams cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). Combs pled guilty pursuant to a signed, written plea agreement. At the plea hearing, in response to the court's Rule 11 colloquy questions, Combs stated under oath that he had received a copy of the indictment containing the charges against him and had discussed the charges with counsel. He stated that he was fully satisfied with his counsel's representation and

advice and that he understood that, pursuant to his plea agreement, he was waiving his right to directly or collaterally attack his sentence. The court accepted Combs' plea and sentenced him to 137 months imprisonment followed by 48 months supervised release.

## II.

A waiver of the right to collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005). Combs waived his right to collaterally attack his sentence, and he has not alleged that his waiver was involuntarily or unknowingly made. Moreover, Combs' representations during the plea colloquy overwhelmingly suggest that Combs entered the plea knowingly and voluntarily. Thus, Combs' valid waiver prevents him from petitioning this court for relief under 28 U.S.C. § 2255. Accordingly, the court grants Respondent's motion to dismiss.

## III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER:** This 17th day of June, 2005.

UNITED STATES DISTRICT JUDGE