```
CLERK'S OFFICE U.S. DIST. COURT
        AT ROANOKE, VA
             FILED
        JUL 1 8 2005
    JOHN F. CORCORAN, CLERK
    BY:
              DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **CHAUNCEY LEON COMBS,** | ) |
| **Petitioner,** | ) Civil Action No. 7:05-cv-00064 |
| v. | ) **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** | ) By: Samuel G. Wilson |
| **Respondent.** | ) United States District Judge |

This matter is before the court on petitioner Chauncey Leon Combs' motion for reconsideration. In his 28 U.S.C. § 2255 petition, Combs claimed that his attorney provided ineffective assistance by failing to request a downward departure from Combs' criminal history score, by failing to review the pre-sentence report with Combs, and by failing to file a direct appeal upon Combs' request. In a memorandum opinion and order entered June 17, 2005, the court found that Combs had validly waived his right to collaterally attack and, accordingly, dismissed his petition. Combs asks the court to reconsider that decision in light of his brief in response to the respondent's motion to dismiss. The court grants Combs' motion for reconsideration and finds that Combs' claims fall outside the scope of his waiver to collaterally attack and require merit review. The court dismisses as meritless Combs' ineffective assistance claims arising from his sentencing; however, the court is unable at this time to resolve Combs' claim that his attorney failed to file an appeal upon request and orders an evidentiary hearing.

## I.

A grand jury indicted Combs on one count of possession with intent to distribute more than five grams cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(D). Combs pled guilty pursuant to a signed plea agreement, which included waivers of the rights to directly and collaterally attack. Combs' pre-sentence report detailed Combs' 34 convictions between 1991 and 2003, predominantly for drug and traffic offenses. Combs received 13 criminal history points, placing him in criminal history category VI. At sentencing, Combs' counsel contended that Combs' criminal history category over-represented Combs' past criminal conduct and sought a downward departure. The court denied his request and sentenced Combs to 137 months imprisonment followed by 48 months supervised release. Combs did not appeal. In his § 2255 petition, Combs raises several ineffective assistance claims. He claims that his attorney failed to request a downward departure at sentencing and that he denied Combs the opportunity to push for a downward departure by failing to review the pre-sentence report with him. Finally, Combs claims that his counsel ignored his request to file an appeal.

## II.

Because Combs' ineffective assistance claims pertain to phases post-dating execution of his waiver, they fall outside its scope, requiring the court to assess the claims on their merits.[1]

---

[1] See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").

At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at

The record clearly indicates that Combs' counsel unsuccessfully moved for a downward departure at sentencing; therefore, the court finds no factual merit in Combs' claim that his counsel failed to move for a downward departure. Further, because counsel, in fact, did request a downward departure, Combs has failed to show prejudice stemming from counsel's alleged failure to review the pre-sentence report with Combs. See Strickland v. Washington, 466 U.S. 668 (1984) (requiring one who claims ineffective assistance to show both deficient performance and prejudice arising therefrom).

That leaves only Combs' claim that his attorney failed to file an appeal upon Combs' request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." U.S. v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Combs' allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate Combs' allegation.

---

sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

The court, therefore, orders an evidentiary hearing.

### III.

For the reasons stated herein, the court orders an evidentiary hearing on the issue of whether Combs instructed his attorney to file an appeal and dismisses the remainder of Combs' claims.

**ENTER**: This 18th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE